UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICA FIRST LEGAL FOUNDATION,<br>611 Pennsylvania Avenue, SE #231<br>Washington, D.C. 20003<br><br>*Plaintiff,*<br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530-0001<br><br>*Defendant.* | Civil Action No.: 1:23-cv-000391 |

## COMPLAINT

Plaintiff America First Legal Foundation ("AFL") brings this action against the United States Department of Justice ("DOJ") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Additionally, it may grant declaratory relief pursuant to 28 U.S.C. § 2201, *et seq*.

2. Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff AFL is a national nonprofit organization working to promote the rule of law in the United States, prevent executive overreach, ensure due process

1

and equal protection for all Americans, and encourage public knowledge and understanding of the law and individual rights guaranteed under the United States Constitution and the laws of the United States.

4. The Defendant is an agency under 5 U.S.C. § 552(f), with its headquarters at 950 Pennsylvania Avenue, NW, Washington, DC 20530 and has possession, custody, and control of the records AFL seeks.

**FACTS**

5. Over the past approximately eighteen months, AFL has filed several FOIA requests with DOJ.

6. These requests have varied in scope and complexity.

7. To date, however, DOJ has not released any records in response to any of the FOIA requests mentioned in this Complaint.

8. AFL brings this complaint to compel DOJ's compliance with the FOIA statute on the seven requests discussed *infra*.

9. For each of the requests discussed below, DOJ has assigned processing of AFL's request to a "complex" track—as opposed to a "simple" track—regardless of the number of custodians, date range, or burden of searching or processing records.

<u>DOJ Communications with ACLU</u>

10. On April 6, 2022, AFL submitted a FOIA request to DOJ—specifically the Civil Division, Office of the Solicitor General, and the Office of Information Policy ("OIP")—seeking all records of all communications between DOJ officials and the ACLU's Legal Director. <u>Exhibit 1</u>.

11. On April 7, 2022, the Office of the Solicitor General ("OSG") acknowledged AFL's FOIA request and assigned it to tracking number 2022-127831. Exhibit 2.

12. OSG designated this request "complex" despite AFL's request for communications with one specific email address. *Id.*

13. This is an erroneous designation that has led to significant delay in processing a simple FOIA request.

14. The Civil Division received this request and responded to AFL on April 7, 2022, by email. Exhibit 3.

15. The Civil Division refused to conduct a search for responsive records without specific custodian email addresses, stating, "[w]e would have to reach out and receive permission from each custodian in order to search his/her emails." *Id.*

16. The Civil Division subsequently averred that it had an unwritten policy to require a custodian's permission to perform a search in response to a lawful FOIA request. *Id.*

17. As of the date of filing, neither OSG nor the Civil Division have produced any records to AFL responsive to this FOIA request.

18. The Defendant has violated the requirements of 5 U.S.C. § 552.

### DOJ Conflict of Interest and Attorney General Garland

19. On October 13, 2021, AFL submitted a FOIA request to DOJ seeking records related to the apparent conflict of interest between Attorney General Merrick

B. Garland and a company in which his son-in-law has an equity stake and is a senior official: Panorama Education, Inc. Exhibit 4.

20.     This FOIA was sent to three DOJ components: OIP, the Justice Management Division, and the Office of Professional Responsibility. *Id.*

21.     On October 21, 2021, OIP acknowledged receipt of AFL's FOIA request and assigned the request to tracking number FOIA-2022-00083. Exhibit 5.

22.     On November 30, 2021, OIP notified AFL that its request for expedited processing had been granted. Exhibit 6.

23.     Despite receiving expedited processing, as of the date of filing, DOJ has not produced any records responsive to AFL's request.

24.     This request was properly submitted via email to the Justice Management Division. Exhibit 7.

25.     The request was properly submitted to the Office of Professional Responsibility, via email. Exhibit 8.

26.     Neither the Justice Management Division nor the Office of Professional Responsibility have acknowledged or responded to AFL's request.

27.     As of the date of this filing, the Defendant has not produced any documents responsive to this FOIA request.

28.      The Defendant has violated the requirements of 5 U.S.C. § 552.

### DOJ Communications Regarding Justice Clarence Thomas

29. On March 14, 2022, AFL submitted a FOIA request to DOJ requesting records related to any communications regarding Supreme Court Justice Clarence Thomas and his wife, Virginia Thomas. <u>Exhibit 9</u>.

30. The request provided a list of custodians and a specific timeframe. On April 6, 2022, OIP acknowledged receipt of AFL's FOIA request and assigned it tracking number FOIA-2022-00899. <u>Exhibit 10</u>.

31. As of the date of filing, AFL has not received any records responsive to its request.

32. The Defendant has violated the requirements of 5 U.S.C. § 552.

### DOJ Domestic Terrorism Unit

33. On January 19, 2022, AFL submitted a FOIA request to DOJ's National Security Division ("NSD") for records related to Assistant Attorney Matthew Olsen's January 11, 2022, testimony to the Senate Judiciary Committee regarding DOJ's establishment of a "Domestic Terrorism Unit." <u>Exhibit 11</u>.

34. On March 16, 2022, NSD acknowledged AFL's FOIA request and assigned tracking number #22-109 to the request. <u>Exhibit 12</u>

35. As of the date of filing, AFL has not received any records responsive to its request.

36. The Defendant has violated the requirements of 5 U.S.C. § 552.

### DOJ Motion to Disqualify an AFL Attorney

37. On October 12, 2021, AFL submitted a FOIA request seeking records relating to a motion DOJ filed in separate litigation—*State of Texas v. Biden*, Civil Action No. 4:21-CV-579-P (N.D. Tx.)—to disqualify AFL, and its Vice President and General Counsel, from serving as outside counsel to the State of Texas. Exhibit 13.

38. This request was filed with OIP, the Civil Division, and the Executive Office for U.S. Attorneys ("EOUSA"). *Id.*

39. On October 22, 2021, OIP acknowledged receipt and assigned the request tracking number FOIA-2022-00075. Exhibit 14.

40. On April 21, 2022, AFL agreed to narrowed search terms in exchange for OIP accelerating its processing of the request.

41. OIP subsequently confirmed that the narrowed search had located approximately 1,200 potentially responsive records. AFL agreed to accept this search so that the Defendant would begin processing the 1,200 records.

42. As of the date of filing, the OIP has not produced any records responsive to its request.

43. With respect to the Civil Division, it assigned AFL's request tracking number 145-FOI-18247. Exhibit 15.

44. With respect to EOUSA, it assigned AFL's request tracking number EOUSA-2022-000079. Exhibit 16.

45. As of the date of filing, neither the Civil Division nor the EOUSA has produced any records in response to AFL's request.

46.     The Defendant has violated the requirements of 5 U.S.C. § 552.

### DOJ Politicization of the Office of Legal Counsel

47.     On February 1, 2022, AFL submitted FOIA requests to DOJ's OIP, the Federal Bureau of Prisons ("BOP"), and the Office of Legal Counsel ("OLC") for records relating to the apparent politicization of OLC by the Biden administration related to a home confinement opinion. Exhibit 17.

48.     AFL submitted the original request to OIP through its online tracking system, FOIA STAR which assigned the request tracking number FOIA-2022-00708, and to OLC and BOP by email that same day. Exhibit 18.

49.     On February 4, 2022, BOP acknowledged AFL's request and assigned the request to number 2022-02154. Exhibit 19.

50.     Despite agreeing to narrowing limitations in March 2022, as of June BOP had not produced any documents. Exhibit 20.

51.     In July, BOP requested AFL further narrow its request but filed to reply to subsequent emails from AFL seeking clarification.

52.     As of the date of this filing, BOP has not produced any records.

53.     With respect to OLC, OLC did not acknowledge AFL's request for six months.

54.     On June 28, 2022, OLC acknowledged AFL's FOIA request and assigned the request to number FY22-052. Exhibit 21.

55.     As of the date of filing, AFL has not received any records responsive to its request from any DOJ component.

56. The Defendant has violated the requirements of 5 U.S.C. § 552.

### DOJ Processing of AFL FOIA Requests

57. On October 22, 2021, AFL submitted a FOIA request to DOJ's OIP and OLC for information related the Defendant's processing of one of AFL's FOIA requests, not a part of this lawsuit. Exhibit 22.

58. On October 29, 2021, DOJ acknowledged AFL's FOIA request and assigned the request to tracking number FOIA-2022-00164. Exhibit 23.

59. OLC did not acknowledge the FOIA until June 28, 2022, when it assigned it FOIA Tracking No. 2022-010. Exhibit 24.

60. As of the date of filing, AFL has not received any records responsive to its request from either component.

61. The Defendant has violated the requirements of 5 U.S.C. § 552.

### CLAIM FOR RELIEF

### Claim for Relief 1: Violation of FOIA, 5 U.S.C. § 552

62. AFL incorporates by reference Paragraphs 1–61.

63. For each request listed, AFL has properly requested records within the possession, custody, and control of the Defendant.

64. The Defendant has failed to conduct a reasonable search for responsive records.

65. In the few instances where the Defendant has represented it has conducted a search, it has failed to disclose any segregable, non-exempt portions of responsive records. 5 U.S.C. § 552(b).

66. The Defendant has categorically failed to respond to AFL's requests within the statutory time-period. 5 U.S.C.§ 552(a)(6).

67. AFL has exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(c).

68. The Defendant has violated FOIA by failing, within the prescribed time limit, to:

   a. reasonably search for records responsive to AFL's FOIA requests;

   b. provide a lawful reason for the withholding of any responsive records; and/or

   c. segregate exempt information in otherwise non-exempt records.

## PRAYER FOR RELIEF

WHEREFORE, AFL respectfully requests this Court:

   i. Declare that the records sought by the request, as described in the foregoing paragraphs, must be disclosed pursuant to 5 U.S.C. § 552.

   ii. Order the Defendant to conduct searches immediately for all records responsive to AFL's FOIA request and demonstrate that they employed search methods reasonably likely to lead to the discovery of responsive records.

   iii. Order the Defendant to produce by a date certain all non-exempt records responsive to AFL's FOIA request.

   iv. Order Defendant to waive all search, duplication, review, and processing fees pursuant to 5 U.S.C. § 552(a)(4)(A)(viii).

   v. Award AFL attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E).

    vi.    Grant AFL such other and further relief as this Court deems proper.

Date: February 10, 2023

                          Respectfully submitted,

*/s/ Andrew J. Block*
ANDREW J. BLOCK
D.C. Bar No. 90002845
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Ave., SE #231
Washington, D.C. 20003
Tel.: (202) 836-7958
E-mail: andrew.block@aflegal.org

MICHAEL DING
D.C. Bar No. 1027252
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Ave SE #231
Washington, D.C. 20003
Tel: (202) 964-3721
E-mail: michael.ding@aflegal.org

*Counsel for Plaintiff America First Legal Foundation*